**ORIGINAL**

Michael A. Caddell (State Bar No. 249469)
mac@caddellchapman.com
Cynthia B. Chapman (State Bar No. 164471)
cbc@caddellchapman.com
Cory S. Fein (State Bar No. 250758)
csf@caddellchapman.com
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston TX 77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Attorneys for Plaintiff

FILED
NOV 27 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

DMR

| | |
|---|---|
| DANIEL SHAHAR, individually and on behalf of all other s similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOTWIRE, INC., and EXPEDIA, INC.<br><br>Defendants. | Case No. 12  6027<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>(1) BREACH OF CONTRACT<br>(2) CONSUMER LEGAL REMEDIES ACT<br>(3) FALSE ADVERTISING LAW<br>(4) UNFAIR COMPETITION LAW |

COMES NOW Plaintiff Daniel Shahar, through his attorneys, and for his Original Class Action Complaint against Defendants, alleges as follows, based on first-hand personal information as to all acts and events involving him, and on belief and information as to all other facts:

## I. PARTIES

1. Plaintiff Daniel Shahar ("Shahar") is a citizen and resident of the State of California, residing in Woodland Hills, Los Angeles County, California.

2. At all times relevant to this lawsuit, Defendant Expedia, Inc., was a corporation that was a citizen of California and Washington, incorporated in Washington, with its principal place of business in California. Expedia, Inc. may be served with process by serving National Registered Agents, Inc., 2875 Michelle Drive, Suite 100, Irvine, CA 92606.

3. At all times relevant to this lawsuit, Defendant Hotwire, Inc., was a corporation that was a citizen of California and Delaware, incorporated in Delaware, with its principal place of business in California. Hotwire, Inc., is an operating company of Expedia, Inc., and may be served with process by serving National Registered Agents, Inc., 2875 Michelle Drive, Suite 100, Irvine, CA 92606.

4. Defendants Expedia, Inc. and Hotwire, Inc. are collectively referred to herein as "Hotwire."

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332(d)(2) because there are members of the Plaintiff class who are citizens of States other than California, and the aggregate amount in controversy exceeds five million dollars.

6. Venue is proper within this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this claim occurred in this District. At all relevant times, Hotwire, Inc. was headquartered in San Francisco, California, and the acts that are the subject of this litigation took place in San Francisco, California.

## III. FACTUAL BACKGROUND

7. Hotwire operates an online travel website that permits the public to, among other things, purchase airfare tickets, purchase vacation packages, rent hotel rooms, and rent cars.

8. Hotwire enters into contracts with its customers, via its website, wherein Hotwire and its customer agree that Hotwire will provide the contracted services (e.g., air travel, hotel rental, or car rental) for a certain price and under certain terms.

9. Hotwire does not actually operate any airlines, hotels, or car rental agencies itself, but rather sells air travel, hotel, and car rentals provided by other companies to its customers. Hotwire profits by charging its customers a higher price than it pays the airline, hotel, or car rental agency for the services.

10. Hotwire attempts to offer, or appear to offer, favorable terms in order to entice its potential customers to purchase these travel-related products and services through Hotwire rather than directly from the airline, hotel, or car rental company.

11. In fact, Hotwire often misrepresents the price for the services it sells by omitting substantial costs that the customer will have to pay to complete the customer's purchase of the service.

12. These misrepresentations are material to a reasonable consumer in deciding whether to purchase services from Hotwire. Hotwire makes these misrepresentations in bad faith, knowing and intending that consumers will be deceived.

13. As a result, Hotwire frequently enters into contracts with customers to provide services for a certain price, or estimated price, then when the customer arrives at the airline ticket counter, hotel check-in desk, or car rental desk, he learns for the first time that he will be unable to obtain the promised services for the agreed upon price, but instead must pay significantly more.

14. By failing to ensure that its customers received the promised services at the agreed-upon price, Hotwire breached its contract with its customers.

15. On June 12, 2012, Shahar entered into a contract with Hotwire to rent a compact car for five days from Dollar Rent A Car at the Ben Gurion airport in Tel Aviv, Israel. The car rental was confirmed, and Shahar was given a Hotwire itinerary and a Dollar confirmation code. The contract between Hotwire and Shahar set forth a class of car, a pick-up date and time, a drop-off date and time, an unlimited mileage provision, a representation regarding the features the vehicle would have, a list of acceptable payment options, a minimum age for the driver, terms regarding the location of pick-up and drop-off, a daily rate for the rental ($14), a length of rental (5 days), a list of the estimated taxes and fees ($0), and an estimated trip total amount ($70).

16. Shahar reasonably relied on the estimated trip total amount in deciding to purchase car rental services from Hotwire.

17. When Shahar arrived at the designated pick-up location, at the agreed upon pick-up date and time, he was informed for the first time that he would not be able to rent the car for the agreed-upon price of $70, but rather would have to pay an additional $60 for "3 PLC" insurance, 1 cent for airport fee, 8 cents for rounding currency, and $20.82 for VAT taxes. He was told that the "3 PLC insurance" was

-4-

required due to a mandatory insurance payment for car rental in Israel. The total price came to $150.91, more than double the agreed-upon price.

18. Because Shahar had already pre-paid $70 and was stuck at a car-rental agency in a foreign country, he had no choice but to pay more than the contracted amount.

19. By failing to provide Shahar the car rental based on the terms agreed upon in their contract, Hotwire breached its contract with Shahar.

20. Upon information and belief, Hotwire similarly breaches its contracts with all of its U.S. customers who use Hotwire's website to contract for cars to be picked up in Israel, as well as other foreign countries, including Costa Rica.

## IV. CLASS ACTION ALLEGATIONS

21. Upon information and belief, Hotwire routinely breaches its contracts with its customers by refusing to provide the agreed services for the prices agreed upon in its contracts with its customers.

22. Hotwire's practice of routinely breaching its contracts results in its customers having to pay more than the agreed-upon price at the time they arrive at the airline counter, hotel, or car rental agency.

23. **Class Definition.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Daniel Shahar brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

**PLAINTIFF'S ORIGINAL COMPLAINT**

All entities and persons in the United States (including its Territories and the District of Colombia) who:

(1) during the Class Period, made a reservation through Hotwire's website, while in the United States (including its Territories and the District of Colombia), for air travel, a hotel stay, or car rental and received a confirmation from Hotwire that included a price; and

(2) paid more than the quoted price for the air travel, hotel stay, or car rental, due to additional charges imposed by the airline, hotel, or car rental company.

The Class Period is defined as beginning four years before the filing of this Complaint to the present.

24. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Plaintiff estimates that the Class consists of thousands of people. The names and addresses of the Class members are identifiable through documents maintained by Hotwire, and the Class members may be notified of the pendency of this action by published, mailed and/or emailed notice.

25. **Existence and Predominance of Common Questions of Law and Fact. Fed, R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

  a. Whether Hotwire's customers who reserve air travel, a hotel stay, or a car rental through Hotwire's website have an

      enforceable contract with Hotwire for the services described in Hotwire's confirmation;

b.   Whether Hotwire's failure to provide the services described in its confirmations at the listed price constitutes breach of Hotwire's contract with its customers;

c.   Whether Hotwire's failure to disclose the true cost of its services is unfair, misleading, or deceptive;

d.   Whether Hotwire had a duty to disclose the true cost of its services;

e.   Whether information regarding the true costs of Hotwire's services is material to a reasonable consumer;

f.   Whether Hotwire is liable to its customers for the difference between the price quoted in the confirmation and the price actually charged for the services quoted in the confirmation;

g.   Whether Hotwire is liable to its customers in restitution for money wrongfully obtained as a result of Hotwire's unfair, fraudulent, and unlawful acts.

26.   **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claim is typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class. Plaintiff's claim that Defendant improperly failed to provide her with the contracted-for services at the agreed-upon price is typical of the claims of each Class member.

27.   **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in complex class action and

consumer litigation; he intends to prosecute this action vigorously; and he has retained counsel who intend to prosecute the action vigorously and have the resources to do so. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

28. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The issues in this litigation involve only Hotwire's obligation to provide the contracted-for services at the agreed-upon price and do not include any other potential individual disputes between putative class members and Defendants. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to

the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single determination on the right of Hotwire's customers to receive contracted-for services at the agreed-upon price.

29. **Injunctive Relief Appropriate for the Class. Fed. R. Civ. P. 23(b)(2).** Class certification is appropriate because Defendants have acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. Specifically, Plaintiff seeks injunctive relief in the form of a Court order mandating that, in the future, Defendants be ordered to accurately state the costs their customers will be charged for the contracted-for services.

## V. CAUSES OF ACTION

### Count One: Breach of Contract

30. Plaintiff incorporates all paragraphs of this complaint into his breach of contract cause of action.

31. Defendants had valid enforceable contracts with their customers requiring Defendants to charge the agreed-upon price for the services quoted in their contracts.

32. Each class member is in direct privity with a Defendant.

-9-
PLAINTIFF'S ORIGINAL COMPLAINT

33. Defendants' contracts with their insureds are unambiguous and require Defendants to provide their customers with the contracted-for services at the agreed-upon price.

34. Defendants breached their contractual obligation by refusing to provide their customers with the contracted-for services at the agreed-upon price.

35. Defendants' breach of the contract caused the class members to be damaged by having to pay more than the agreed-upon price for the contracted-for services.

### Count Two: Violation of California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*)

36. Plaintiff and the Class Members incorporate the allegations above as if fully set forth here.

37. Defendants are "persons" under Cal. Civ. Code § 1761(c).

38. Plaintiff and the Class Members are "consumers," as defined by Cal. Civ. Code § 1761(d), who purchased services from Hotwire.

39. By failing to disclose the true cost of its services, Hotwire engaged in unfair or deceptive acts or practices prohibited by the CLRA, Cal. Civ. Code § 1770, including (1) advertising the services with the intent to sell them not as advertised; (2) making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions; and (3) representing that transactions confer or involve rights, remedies, and obligations which they do not.

40. Hotwire owed Plaintiff and the Class Members a duty to disclose the true charges for its services because it possessed exclusive and superior knowledge of the true charges and did not disclose the true charges.

41. Information regarding the true charges for Hotwire's services is material to a reasonable consumer in deciding whether to purchase services from Hotwire.

42. Hotwire's unfair and deceptive acts and practices were therefore likely to and had a tendency or capacity to deceive reasonable consumers.

43. As a result of its CLRA violations, Hotwire caused actual damage to Plaintiffs and the Class Members including, inter alia, causing them to overpay for services.

44. In accordance with Civil Code § 1780(a), Plaintiffs and the Class Members seek injunctive and equitable relief for Hotwire's CLRA violations. In accordance with Civil Code § 1782(d), Plaintiffs and the Class Members will provide notice of the violations described here and demand that they be rectified by certified mail to Hotwire's principal place of business in California and then amend this Complaint to include a request for damages, including actual and punitive damages pursuant to § 1780. Plaintiffs and Class Members request that this Court enter such orders or judgment as may be necessary to restore to any person-in-interest any money which may have been acquired by means of such unfair

business practices, and for such other relief, including attorneys' fees and costs, as provided in Civil Code § 1780, and for such other relief set forth below.

### Count Three: Violation of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq.*)

45. Plaintiff and the Class Members incorporate the allegations above as if fully set forth here.

46. California Business and Professions Code § 17500 prohibits (1) inducing the public to enter into any obligation relating to the performance of services by means of any untrue or misleading statement disseminated over the Internet; and (2) making or disseminating untrue or misleading statements over the Internet with the intent not to sell the services at the advertised price.

47. Hotwire knew or should have known that the statements on its website regarding the prices of its services were untrue or misleading. Hotwire nevertheless made and disseminated those statements from the State of California in order to induce members of the public to purchase services from Hotwire.

48. Hotwire made and disseminated untrue and misleading statements over the Internet from the State of California regarding the price of its services with the intent not to sell the services at the advertised price.

49. As a result of Hotwire's misleading statements, Plaintiff and Class Members purchased services they would not otherwise have purchased and/or paid more for services than they would otherwise have paid.

-12-
PLAINTIFF'S ORIGINAL COMPLAINT

## Count Four: Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*)

50. Plaintiff and the Class Members incorporate the allegations above as if fully set forth here.

51. California Business and Professions Code section 17200 prohibits any "unlawful, unfair, or fraudulent business act or practices." Hotwire has engaged in unlawful, fraudulent, and unfair business acts and practices in violation of the UCL.

52. Hotwire has violated the unlawful prong of section 17200 by its violations of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* and False Advertising Law, Cal. Civ. Code § 17500, as set forth above.

53. Hotwire has violated the fraudulent prong of section 17200 because its material misrepresentations regarding the cost of Hotwire's services were both likely to and/or had a tendency or capacity to deceive a reasonable consumer. As a result of Hotwire's misleading statements, Plaintiff and Class Members purchased services they would not otherwise have purchased and/or paid more for services than they would otherwise have paid.

54. Hotwire has violated the unfair prong of section 17200 because the acts and practices set forth in the Complaint, including the false representations regarding the cost of Hotwire's services, offend established public policy and cause harm to consumers without providing offsetting benefits. Hotwire's conduct has also impaired competition within the travel services market and has prevented

Plaintiff and the Class Members from making fully informed decisions about whether to purchase travel services and/or how much they should pay for such services.

55. Plaintiff has standing to pursue this claim on behalf of the Class Members because he has suffered an injury in fact, including the loss of money or property, as a result of Hotwire's unfair, unlawful, and/or deceptive practices.

56. All of the wrongful conduct alleged here occurred, and continues to occur, in the conduct of Hotwire's business. Hotwire's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated in the State of California.

57. Plaintiff and the Class Members request that the Court enter such orders or judgments as may be necessary to enjoin Hotwire from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and the Class Members any money Hotwire acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code § 17203 and Cal. Civ. Code § 3345, and for such other relief set forth below.

## VI. <u>DAMAGES AND OTHER RELIEF</u>

58. Plaintiff and the Class Members seek damages in the form of reimbursement of undisclosed charges, plus pre-judgment interest, at the highest rate allowed by law, on the damages awarded.

59. Plaintiff and the Class Members seek restitution and restitutionary disgorgement of money Hotwire obtained through its unfair, unlawful, and/or deceptive practices.

60. Plaintiff and the Class Members seek additional exemplary damages due to the fact that Defendants' misrepresentations are contrary to Defendants' clear contractual obligations and are thus in bad faith.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1. An order certifying the class proposed herein under Federal Rule 23, appointing Plaintiff as class representative, and appointing Plaintiff's undersigned counsel as Class counsel;

2. Judgment for all damages caused by Defendants' actions;

3. Injunctive relief requiring Defendants to stop their practice of refusing to provide contracted-for services for agreed-upon prices;

4. Attorney's fees, expenses, and costs;

5. Pre-judgment and post-judgment interest as provided by law; and

6. Such other relief the Court deems just, equitable and proper.

## X. **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

Dated: November 26, 2012            Respectfully submitted,

By: *[signature: Cory Fein]*

Michael A. Caddell (State Bar No. 249469)
mac@caddellchapman.com
Cynthia B. Chapman (State Bar No. 164471)
cbc@caddellchapman.com
Cory S. Fein (State Bar No. 250758)
csf@caddellchapman.com
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston TX 77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

**ATTORNEYS FOR PLAINTIFF**