1   RODNEY G. STRICKLAND, JR., State Bar No. 161934
    rstrickland@wsgr.com
2   DALE BISH, State Bar No. 235390
    dbish@wsgr.com
3   JESSICA L. SNORGRASS, State Bar No. 259962
    jsnorgrass@wsgr.com
4   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
5   650 Page Mill Road
    Palo Alto, CA 94304-1050
6   Telephone:  (650) 493-9300
    Facsimile:   (650) 565-5100
7
    Attorneys for Defendant
8   Hotwire, Inc.

9

10                       UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13

14   DANIEL SHAHAR, individually and on behalf   )   Case No.:  12-cv-06027-JSW
     of all others similarly situated,            )
15                                                )   **DEFENDANT HOTWIRE, INC.'S**
                      Plaintiff,                   )   **MOTION TO DISMISS CLASS**
16                                                )   **ACTION COMPLAINT**
            v.                                     )
17                                                )   Date:  May 3, 2013
     HOTWIRE, INC., and EXPEDIA, INC.,            )   Time: 9:00 a.m.
18                                                )   Dept: Courtroom 11, 19th Floor
                      Defendants,                  )
19                                                )   Before: Honorable Jeffrey S. White
                                                  )
20                                                )
                                                  )
21   ─────────────────────────────────────────── )

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ..........................................................................................v

NOTICE OF MOTION AND MOTION ..........................................................................1

STATEMENT OF ISSUES (CIVIL L.R. 7-4(A)(3)) ......................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................1

    INTRODUCTION.......................................................................................................1

    BACKGROUND........................................................................................................3

        I.      HOTWIRE AND ITS SERVICES ............................................................3

        II.     PLAINTIFF'S ALLEGATIONS.................................................................5

    ARGUMENT ..............................................................................................................6

        I.      PLAINTIFF'S ALLEGATIONS REGARDING SERVICES HE
            HAS NEVER USED MUST BE DISMISSED FOR LACK OF
            PARTICULARITY AND STANDING .......................................................8

        II.     PLAINTIFF'S ALLEGATIONS REGARDING HIS CAR RENTAL
            IN ISRAEL DO NOT STATE A CLAIM .................................................10

            A.     Plaintiff Has Failed To State A Claim For Breach Of
                  Contract ...........................................................................................10

            B.     Plaintiff Has Failed to State a Claim for Violations of
                  California's Consumer Legal Remedies Act...................................11

            C.     Plaintiff Has Failed to State a Claim for Violations of the
                  FAL or UCL ....................................................................................12

            D.     Plaintiff Has Not Alleged the Required Injury or that He
                  "Lost Money or Property"................................................................14

    CONCLUSION ........................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Animal Legal Def. Fund v. Mendes,*
  160 Cal. App. 4th 136 (2008) ....................................................................... 14

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................ 6, 7

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................. 6, 7, 9

*Berryman v. Merit Prop. Mgmt., Inc.,*
  152 Cal. App. 4th 1544 (2007) .................................................................... 12

*Bradstreet v. Wong,*
  161 Cal. App. 4th 1440 (2008) .................................................................... 15

*Branch v. Tunnell,*
  14 F.3d 449 (9th Cir. 1994), *overruled on other grounds,*
  *Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002) .................. 4

*Carrea v. Dreyer's Grand Ice Cream, Inc.,*
  No. 10-01044, 2011 WL 159380 (N.D. Cal. Jan. 10, 2011),
  *aff'd,* 475 F. App'x 113 (9th Cir. 2012) ................................................ *passim*

*Castagnola v. Hewlett-Packard Co.,*
  No. 11-05772, 2012 WL 2159385 (N.D. Cal. June 13, 2012) ................. 12, 13, 15

*City of Arcadia v. United States EPA,*
  411 F.3d 1103 (9th Cir. 2005) ...................................................................... 7

*Davis v. HSBC Bank Nevada,*
  691 F.3d 1152 (9th Cir. 2012) ..................................................................... 14

*Edwards v. Marin Park, Inc.,*
  356 F.3d. 1058 (9th Cir. 2004) ...................................................................... 9

*Epstein v. Wash. Energy Co.,*
  83 F.3d 1136 (9th Cir. 1996) ........................................................................ 7

*Ford v. Hotwire, Inc.,*
  No. 07-cv-1312, 2007 WL 6235779 (S.D. Cal. Nov. 19, 2007) ....................... 13

*Ford v. Hotwire, Inc.,*
  No. 07-cv-1312, 2008 WL 5874305 (S.D. Cal. Feb. 25, 2008) ................... 9, 13

*Freeman v. Time, Inc.,*
  68 F.3d 285 (9th Cir. 1995) ........................................................................ 13

*Garcia v. Sony Computer Entm't Am. LLC,*
  859 F. Supp. 2d 1056 (N.D. Cal. 2012) ......................................................... 7

*Gutierrez v. Wells Fargo*,
    _ F.3d _ , 2012 WL 6684748 (9th Cir. Dec. 26, 2012) ...................................................... 15

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*,
    802 F. Supp. 2d 1070 (N.D. Cal. 2011) ........................................................................ 7, 12

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) .......................................................................................................... 10

*Johns v. Bayer Corp.*,
    No. 09-cv-1935, 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) ..................................... 8

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ....................................................................................... 7, 9

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ...................................................................................................... 15

*Kramer v. Intuit Inc.*,
    121 Cal. App. 4th 574 (2004) ........................................................................................... 12

*Lyons v. Bank of America, NA*,
    No. 11-1232, 2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) ................................... 9

*Mieuli v. DeBartolo*,
    No. C-00-3225, 2001 WL 777447 (N.D. Cal. Jan. 16, 2001) ................................ 11

*Murray v. Time Inc.*,
    No. 12-00431, 2012 WL 3634387 (N.D. Cal. Aug. 24, 2012)............................. 7, 8

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001)................................................................................................ 6

*Peterson v. Cellco Partnership*,
    164 Cal. App. 4th 1583 (2008) ....................................................................................... 14

*Rubio v. Capital One Bank*,
    613 F.3d 1195 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 1817 (2011) ...................... 12, 14

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ............................................................................ 9

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ............................................................................................. 4

*Swift v. Zynga Game Network, Inc.*,
    805 F. Supp. 2d 904 (N.D. Cal. 2011) ............................................................................. 4

*Thomas v. Mundell*,
    572 F.3d 756 (9th Cir. 2009)................................................................................................ 7

*Warth v. Seldin*,
    422 U.S. 490 (1975) ............................................................................................................... 10

**STATUTES**

Cal. Civ. Code § 1750 ............................................................................................... 6

Cal. Civ. Code § 1770(a)(9) ..................................................................................... 12

Cal. Civ. Code § 1770(a)(13) ................................................................................... 12

Cal. Civ. Code § 1770(a)(14) ................................................................................... 12

Cal. Civ. Code § 1780(a) .......................................................................................... 10

Cal. Bus. & Prof. Code § 17200 ................................................................................ 6

Cal. Bus. & Prof. Code § 17500 ................................................................................ 6

**RULES**

Civil L.R. 7-4(a)(3) .................................................................................................... 2

Fed. R. Civ. P. 9(b) .................................................................................................... 7

**SUMMARY OF ARGUMENT**

Hotwire, Inc. ("Hotwire") is an online travel company based in San Francisco.  Plaintiff Daniel Shahar used Hotwire's website to reserve a rental car in Israel with Dollar Rent A Car ("Dollar").  Plaintiff alleges that Hotwire estimated that the total price for the rental would be $70.00, but that once he arrived in Israel he was required by Dollar to pay taxes and mandatory insurance costs that were not included in Hotwire's estimate.  Plaintiff alleges breach of contract and violations of California consumer protection statutes, and seeks to represent the class of consumers who used Hotwire to rent cars, reserve hotel rooms, or purchase airline tickets and were charged more by the car rental agency, hotel, or airline than the amount Hotwire estimated they would be charged.

Plaintiff's claims regarding charges for airfare, for hotel rooms, and for car rentals in countries other than Israel should be dismissed because plaintiff has not pleaded any facts reflecting that airlines, hotels, or any car rental agencies other than Dollar in Israel imposed charges on consumers that were not disclosed in advance by Hotwire.  Plaintiff also lacks standing to assert these claims because he did not contract for such services and was not injured by any alleged practices pertaining to them.  *See Carrea v. Dreyer's Grand Ice Cream, Inc.,* No. 10-01044, 2011 WL 159380 (N.D. Cal. Jan. 10, 2011), *aff'd*, 475 F. App'x 113 (9th Cir. 2012) (no standing to assert claims under California consumer protection statutes relating to product plaintiff did not purchase).

At most, this case should be limited to claims arising from the alleged imposition of undisclosed taxes and mandatory insurance fees by rental car agencies on consumers who used the Hotwire service to rent cars in Israel.  Even this limited claim should be dismissed, however, because plaintiff's contract with Hotwire clearly disclosed that the price on the reservation confirmation was "estimated" and that the "final pricing will be determined by the car rental agency" (here, Dollar).  Further, plaintiff has not alleged that he suffered damages or lost money or property as a result of Hotwire's alleged conduct.  For these reasons, even the claims based on plaintiff's car rental in Israel should be dismissed.

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 3, 2013, or as soon thereafter as the matter may be heard, before the Honorable Jeffrey S. White of the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, defendant Hotwire, Inc. ("Hotwire") will, and hereby does, move to dismiss the Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the accompanying declaration of Jessica L. Snorgrass ("Snorgrass Decl.") and attached exhibits, a Request for Judicial Notice, the [Proposed] Order, the arguments of counsel, and any other matters properly before the Court.

## STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3))

1.      Does the Complaint allege facts sufficient to state a claim under Rule 9(b) and/or Rule 8(a) with respect to plaintiff's allegations regarding services that he has never used?

2.      Does plaintiff have standing to pursue claims on his own behalf or on behalf of a nationwide class of consumers with respect to services that he never used?

3.      Does the conduct alleged breach a contract or violate California consumer protection statutes where plaintiff agreed that the allegedly misleading price was an "estimate" and that the "actual" and "final pricing" would be determined by the rental car agency – and not by Hotwire?

4.      Does the Complaint allege facts sufficient to plead violations of California consumer protection statutes if plaintiff has failed to plead facts demonstrating injury?

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This is a purported consumer class action against Expedia, Inc. ("Expedia") and Hotwire, online travel companies that allow consumers to book travel services over the Internet. According to his Complaint, plaintiff used the Hotwire website to reserve a rental car with Dollar Rent A Car ("Dollar") in Tel Aviv, Israel.  Plaintiff alleges that the price that he ultimately was

charged in Israel *by Dollar* was substantially higher than the *estimated* price on his Hotwire reservation confirmation because Dollar included taxes and the cost of mandatory insurance that were not included in Hotwire's estimate.  Based on this one transaction with one rental car company in one country, plaintiff alleges (with no factual support whatsoever) that Hotwire "often misrepresents" airfare, hotel prices, and car rental prices throughout the world, "frequently enters into contracts with customers" that reflect estimated prices that are "significantly" lower than the amount the customer will be charged by the travel service provider (*e.g.*, the car rental agency or hotel), and "routinely breaches" its contracts with its customers in a way that requires customers "to pay more than the agreed-upon price at the time they arrive at the airline counter, hotel, or car rental agency."  ¶¶ 11, 13, 21-22.[1]  Plaintiff alleges breach of contract and the violation of California's consumer protection statutes, and seeks to represent all Hotwire customers who paid more than Hotwire's estimated price for air travel, a hotel stay, or car rental "due to additional charges imposed by the airline, hotel, or car rental company."  ¶ 23.

For the reasons explained below, the Complaint should be dismissed.  With the exception of that aspect of plaintiff's claim based on the extra charges Dollar required him to pay to rent a car in Israel (discussed below), this class action is based *entirely* on conjecture and unsupported speculation.  Plaintiff has not alleged *any* facts reflecting that Hotwire omits mandatory fees and taxes from the reservation confirmations provided with airfare and hotel reservations, or for any car rental reservations other than plaintiff's one reservation in Israel.  For example, plaintiff does not identify even a single "additional charge imposed by [an] airline [or] hotel" that caused any consumer to pay more than the amount estimated on his or her reservation confirmation.  Further, with respect to airfare and hotel reservations in particular, plaintiff ignores that Hotwire specifically discloses in its contracts with consumers that the airline or hotel may add certain additional fees.  Given this contractual language, there could be no claim for breach of contract

---

[1]  All "¶" citations refer to the Complaint.  As explained in Expedia's separate motion to dismiss, plaintiff makes these same allegations against Expedia, even though he does not allege that he has ever transacted business with Expedia or used the Expedia website.

or violation of the consumer protection statutes even if plaintiff had pleaded facts demonstrating that such fees were imposed by airlines or hotels.

Moreover, even if plaintiff had alleged facts reflecting that airlines, hotels, and car rental companies other than Dollar in Israel charge consumers more than the amounts shown on Hotwire's reservation confirmations, those claims would be subject to dismissal because plaintiff lacks standing to pursue them.  Plaintiff could not maintain a breach of contract action because he did not enter into a contract with Hotwire for services relating to air travel or hotel stays, or for a car rental other than the one rental in Israel at issue in the complaint.  Plaintiff could not maintain the claims for violations of California's consumer protection statutes because those statutes limit standing to individuals who were exposed to and injured by a challenged practice. Because plaintiff never used Hotwire to book air travel, a hotel room, or a rental car anywhere except Israel, he lacks standing to pursue claims based on Hotwire's provision of such services.

Plaintiff also has failed to state a claim with respect to his car rental in Israel, because the parties' contract stated explicitly that the displayed rate was an "estimate" and that Dollar (not Hotwire) would determine the "actual charges" and "final pricing."  Plaintiff also failed to plead facts reflecting that he was injured by Hotwire.

For these reasons, Hotwire respectfully requests that the Complaint be dismissed.

## BACKGROUND

### I.    HOTWIRE AND ITS SERVICES

Hotwire is an online travel company based in San Francisco.  It operates a website, www.hotwire.com, that allows consumers to make travel reservations – *e.g.*, purchase plane tickets, book hotel rooms, or rent cars -- over the Internet.  ¶ 7.  Hotwire does not operate airlines, hotels, or car rental agencies.  ¶ 9.  Rather, consumers use the Hotwire website to search for and make reservations with the travel companies that do offer those services (*e.g.*, airlines, hotel chains, rental car agencies).  ¶¶ 7, 9.  In this case, plaintiff alleges that he used the Hotwire website to reserve a rental car with Dollar that he would pick up at the airport in Tel Aviv, Israel.

Every transaction through the Hotwire website requires the consumer to form a contract with Hotwire.  ¶¶ 13, 14, 15.  Specifically, before a transaction can be completed, Hotwire

requires the consumer to expressly agree that the transaction is governed by Hotwire's "terms and conditions" and its "Travel Products Rules and Regulations." Ex. 1.[2]  To do so, the consumer must affirmatively click a box on the Hotwire website acknowledging that "I have read, understand and accept the <u>terms and conditions</u> and <u>Travel Products Rules and Regulations</u>," with hyperlinks to the actual policies and next to the capitalized word "**IMPORTANT.**"  *Id.*  The consumer cannot complete a transaction with Hotwire without first checking this "I have read . . ." box.  Thus, before completing a transaction, every Hotwire customer (a) is required to expressly and affirmatively acknowledge that he or she has "read" the terms of conditions and Travel Products Rules and Regulations, "understand[s]" them, and "accept[s]" them; (b) is specifically directed to read the Terms and Conditions "closely", and (c) is expressly told he or she "MUST NOT USE" the Hotwire website if he or she "does not agree with any part" of the Terms and Conditions.  Exs. 1, 2.  It is well-established that check-boxes with hyperlinks to the contractual text form binding contracts and put consumers on notice of the terms of the parties' contractual relationship.  *See, e.g.*, *Swift v. Zynga Game Network, Inc.*, 805 F. Supp. 2d 904, 911-12 (N.D. Cal. 2011) (providing a consumer with access to terms of service and requiring affirmative acceptance of the terms, even if terms are not presented on same page as an acceptance button, is sufficient to form a binding contract; clicking "Accept" button near hyperlink to terms of service and above statement that clicking button served as assent to terms formed a binding contract).

As Exhibits 2 and 3 reflect, Hotwire's contracts with consumers include disclosures regarding prices.  For example, with respect to standard rate car rentals – the type of transaction

---

[2] Exhibits ("Ex.") are attached to the Declaration of Jessica L. Snorgrass, filed herewith.  In a breach of contract case such as this one, the defendant can submit the contract itself for the Court's consideration where, as here, the plaintiff failed to submit the contract with the complaint.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  Certain pages from the Hotwire website, including the Terms and Conditions and the Travel Products Rules and Regulations, are attached as Exhibits 2 and 3 to the Snorgrass Declaration.  Because they are an integral part of the contract referenced in the Complaint (¶¶ 8, 13, 15, 18, 19, 20) and form the basis of plaintiff's allegations, the Court may consider these documents on a motion to dismiss.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

in which plaintiff engaged -- Hotwire explains that it "calculates estimated charges based on the rental agency's published rates, taxes and fees." Ex. 3 at 2.  Consumers are told that "[a]ctual rental charges are billed by the [car rental] agency" and that "[f]inal pricing will be determined by the rental agency." *Id.*  Consumers are also informed that their credit card is not charged at the time of booking, and they may cancel the reservation "at any time without penalty." *Id.*[3]  For hotels, Hotwire explicitly discloses that "Hotwire rates do not include special fees charged by hotels upon check-out (e.g., energy charges, convention fees, resort fees, parking fees). Customers will be required to pay these fees directly to the hotels at check-out time." *Id.* at 2. For airfare, immediately adjacent to the "book now" button consumers are shown disclosures under the heading "Know before you go" that include "Airlines may charge an additional fee for checked baggage" and "See complete fare rules for all the fare details you need." Ex. 4.  The displayed rate is also accompanied by a footnote disclosing that "Additional fees may apply for checked baggage, meals, or in-flight services." *Id.*

## II.   PLAINTIFF'S ALLEGATIONS

On June 12, 2012, plaintiff used the Hotwire website to reserve a rental car from Dollar for five days in Israel.  ¶ 15.  Plaintiff does not allege that he used the Hotwire website at any other time or for any other reason, *i.e.*, to book airfare, reserve a hotel room, or make a rental car reservation for other dates or in other countries.  With respect to the car rental in Israel, plaintiff alleges the parties' contract included, among other terms, pick-up and drop off dates and location, a daily rate for the rental ($14), the length of rental (5 days), a list of the estimated taxes and fees ($0), and an estimated trip total amount ($70).  ¶ 15.

---

[3]  The Complaint reflects that plaintiff does not understand his own transaction with Hotwire. For example, he alleges that Hotwire "profits by charging its customer a higher price than it pays the airline, hotel or car rental agency for the services" and that plaintiff had "pre-paid" Hotwire for his rental car.  ¶¶ 9, 18.  Neither of these allegations is true.  While there are types of transactions in which Hotwire marks up a rental car agency price before displaying the price to the consumer and in which Hotwire charges the consumer's credit card, the standard rate car rental reservation made by plaintiff was not one of those instances.  Plaintiff was charged only by Dollar in Israel -- he did not "pre-pay" Hotwire.  Ex. 3 at 2 (consumers are not charged by Hotwire when making standard rate reservations through the Hotwire website).

1    Plaintiff admits that he was able to rent a car from Dollar for the agreed-upon rate of

2    $14/day when he arrived at the designated pick-up location (the Tel Aviv airport).  ¶ 17.

3    Plaintiff does not claim that any of the non-financial terms of the agreement were not satisfied.

4    This case concerns only "the estimated taxes and fees" and "estimated trip total amount"

5    displayed on the reservation confirmation he received from Hotwire.  According to the

6    Complaint, Hotwire estimated that the taxes and fees would be $0 and therefore the total price

7    would be $70 ($14/day x 5 days).  Plaintiff claims that when he arrived at the rental car counter

8    in Tel Aviv, Dollar required him to pay an additional $60 for "3 PLC" insurance (which he does

9    not describe), $20.82 for "VAT taxes," "8 cents for rounding currency," and "1 cent for airport

10   fee" for a total price of $150.83 ($70 + the additional fees).  ¶ 17.  Based on this one instance,

11   plaintiff claims that Hotwire "frequently" "makes these misrepresentations in bad faith, knowing

12   and intending that consumers will be deceived" regarding the true prices for air travel, hotel

13   rooms, and rental cars.  ¶¶ 11-13; *see also* ¶¶ 39, 48, 51.

14        The Complaint asserts causes of action for breach of contract (¶¶ 30-35) and for

15   violations of California's Consumers Legal Remedies Act ("CLRA") codified at Cal. Civil Code

16   § 1750 (¶¶ 36-44), False Advertising Law ("FAL") codified at Cal. Bus. & Prof. Code § 17500

17   (¶¶ 45-49), and Unfair Competition Law ("UCL") codified at Cal. Bus. & Prof. Code § 17200

18   (¶¶ 50-57).  Plaintiff purports to represent everyone in the United States who made a reservation

19   through Hotwire's website during the last four years for air travel, a hotel stay, or car rental and

20   received a confirmation from Hotwire that included a price, but then paid more than that price

21   for the air travel, hotel stay, or car rental due to additional charges imposed by the airline, hotel,

22   or car rental company – regardless of the reason such additional fees were imposed (*e.g.*, an

23   upgrade or extra benefit requested by the consumer) and regardless of whether they were

24   disclosed in advance by Hotwire.  ¶ 23.

## ARGUMENT

25

26        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

27   sufficiency of the claims asserted in the complaint.  *Navarro v. Block,* 250 F.3d 729, 732 (9th

28   Cir. 2001); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556

U.S. 662 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "All allegations of material fact are taken as true and construed in the light most favorable to Plaintiffs. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted); *see also Twombly*, 550 U.S. at 555. Dismissal is proper if a complaint displays either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *City of Arcadia v. United States EPA*, 411 F.3d 1103, 1106 n.3 (9th Cir. 2005) (citation omitted); *Garcia v. Sony Computer Entm't Am. LLC*, 859 F. Supp. 2d 1056, 1061, 1066-67 (N.D. Cal. 2012) (citation omitted) (dismissing plaintiff's UCL and CLRA claims with prejudice for failing to plead a cognizable or plausible legal theory).

Claims grounded in fraud are subject to the heightened pleading standards of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125, 1127-28 (9th Cir. 2009) (dismissing UCL and CLRA claims under Rule 9(b)). Rule 9(b) requires that a "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "While fraud is not a necessary element of a claim under the CLRA and UCL, a plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct," and in that event the claim "as a whole must satisfy the particularity requirement of Rule 9(b)." *Kearns,* 567 F.3d at 1125 (citation omitted); *see also In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1075 (N.D. Cal. 2011) (Rule 9(b)'s heightened pleading standard applies to UCL, FAL, and CLRA claims). Here, plaintiff alleges Hotwire knowingly deceived consumers (¶¶ 12, 47) and, as a result, is required to plead those claims with particularity, including "'the who, what, when, where, and how' of the misconduct charged." *Kearns,* 567 F.3d at 1124 (citation omitted).

Claims also may be dismissed if the Complaint fails to establish plaintiff's standing to pursue them. *Thomas v. Mundell*, 572 F.3d 756, 760, 764 (9th Cir. 2009) (holding that standing is a threshold question in every federal case and affirming the district court's dismissal of plaintiff for lack of standing); *Carrea v. Dreyer's Grand Ice Cream, Inc.,* No. 10-01044, 2011 WL 159380 (N.D. Cal. Jan. 10, 2011), *aff'd*, 475 F. App'x 113 (9th Cir. 2012); *Murray v. Time*

*Inc.*, No. 12-00431, 2012 WL 3634387 (N.D. Cal. Aug. 24, 2012) (dismissing plaintiff's UCL

claims for lack of Article III and statutory standing); *Johns v. Bayer Corp.*, No. 09-cv-1935,

2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010) (plaintiff lacked standing to pursue UCL and

CLRA claims based on advertisements and product labeling that he did not allege he ever saw,

read, or relied upon).

**I.     PLAINTIFF'S ALLEGATIONS REGARDING SERVICES HE HAS NEVER
        USED MUST BE DISMISSED FOR LACK OF PARTICULARITY AND
        STANDING**

The Complaint includes factual allegations regarding only a single transaction:  plaintiff's

use of the Hotwire website to rent a car from Dollar in Israel.  Those allegations are addressed in

Section II, below.  This Section I explains that plaintiff's claims regarding Hotwire's reservation

service for air travel, hotel rooms, and car rentals in countries other than Israel – *i.e.*, the services

that plaintiff did not use -- should dismissed for two reasons.

<u>First</u>, these claims should be dismissed because the Complaint does not allege *any* facts

reflecting that travel service providers – airlines, hotels, or car rental agencies other than Dollar

in Israel – are imposing fees on consumers that are not disclosed in advance by Hotwire.  If

Hotwire fails to disclose such charges "often" and "frequently" as plaintiff alleges (¶¶ 11, 13),

then presumably he should be able identify at least one such charge.  He has not.  In fact, the

allegedly mandatory fees that plaintiff claims to have been charged by Dollar in Israel are the

*only* undisclosed fees identified in the Complaint.[4]  With respect to car rentals, the Complaint

boldly asserts that Hotwire "breaches its contracts with *all* of its U.S. customers who use

Hotwire's website to contract for cars to be picked up in Israel, as well as other foreign countries,

including Costa Rica" (¶ 20; emphasis added), but plaintiff does not plead *any* facts reflecting

that car rental consumers in countries other than Israel are charged fees that are not disclosed in

advance by Hotwire.  Taxes and allegedly mandatory fees are likely to vary by country and by

---

[4] Even with respect to the largest component of the additional amount charged to plaintiff by
Dollar in Israel, the so-called "3 PLC insurance" fee, plaintiff pleads no facts reflecting that is, in
fact, "mandatory" for all consumers, as opposed to one of the "optional items" that a consumer
may select "(e.g., insurance)."  *See* Ex. 3 at 2.

1   travel service provider, and the Complaint provides nothing to suggest that plaintiff's experience

2   in Israel was not unique. Plaintiff provides no explanation for his reference to "Costa Rica."

3          With respect to airline and hotel reservations, Hotwire specifically informs consumers

4   that its prices do not include certain additional charges that may be imposed by the airline or

5   hotel. *E.g.*, Ex. 4 ("Additional fees may apply for checked baggage, meals, or in-flight

6   services"); Ex. 3 at 2 ("Hotwire rates do not include special fees charged by hotels upon check-

7   out (*e.g.*, energy charges, convention fees, resort fees, parking fees)"); *Ford v. Hotwire, Inc.*, No.

8   07-cv-1312, 2008 WL 5874305, at *4 (S.D. Cal. Feb. 25, 2008) (dismissing complaint with

9   prejudice; "Hotwire adequately discloses that resort fees may be imposed, such that a reasonable

10  customer is not likely to be deceived.").[5] The Complaint does not identify *any* "additional

11  charges" allegedly imposed "at the airline ticket counter" or "hotel check-in desk" by the travel

12  service provider that are not disclosed in advance by Hotwire. ¶¶ 13, 23. Thus, these

13  allegations fall well-short of the "particularity" standards required by Rule 9(b). *Kearns*, 567

14  F.3d at 1125; *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (Rule

15  9(b) requires plaintiff to plead the "specific content" of the false representations). Indeed, they

16  would not even meet the lesser pleading standards of Rule 8(a) because the allegations do not

17  rise above the "speculative level." *Twombly*, 550 U.S. at 545-46; *see also Carrea*, 2011 WL

18  159380, at *2 (plaintiff must plead facts that allow court to draw reasonable inference that

19  defendant is liable for the misconduct alleged). Plaintiff's allegations regarding the services he

20  did not use are *completely* speculative, because plaintiff does not allege that he or anyone else

21  has been charged -- or is even aware of -- an undisclosed additional fees charged by an airline,

22  hotel, or, in fact, any travel service provider other than Dollar Rent A Car in Israel.

23  _____

24       [5] As currently defined, the class would include individuals who voluntarily agreed to pay
    additional charges for additional services, including those services that Hotwire explicitly states

25  are not included in the prices it displays (*e.g.*, checked baggage or hotel parking). *See* ¶ 23
    (defining class to include anyone who "paid more" due to "additional charges" imposed by

26  airline or hotel). The class therefore includes individuals who do not have a claim, rendering it
    impermissibly overbroad. *See Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009)

27  (striking class allegations); *Lyons v. Bank of America, NA*, No. 11-1232, 2011 WL 6303390
    (N.D. Cal. Dec. 16, 2011) (striking class allegations).

28

1       <u>Second</u>, even if the Complaint had alleged facts reflecting that airlines, hotels, and car

2   rental agencies (other than Dollar in Israel) impose fees that are not disclosed in advance by

3   Hotwire, plaintiff would lack standing to pursue his claims.  Plaintiff lacks standing to assert a

4   breach of contract claim because plaintiff never entered into a contract with Hotwire for air

5   travel, for a hotel stay, or for a rental car in any country but Israel.  Standing under the CLRA,

6   FAL, and UCL is limited to named plaintiffs who were exposed to, relied on, and were injured

7   by the alleged misconduct.  *See In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009) (a UCL

8   plaintiff "must plead and prove actual reliance to satisfy the standing requirement"); Cal. Civ.

9   Code § 1780(a) (only a "consumer who suffers any damage *as a result of*" a practice prohibited

10  by the CLRA "may bring an action") (emphasis added).  Plaintiff does not allege that he ever

11  relied upon, or was injured by, or was even aware of any misrepresentations or nondisclosures

12  regarding the prices for air travel or hotel rooms and therefore lacks standing to pursue claims

13  based on any such alleged misrepresentations or nondisclosures.  *See Carrea*, 2011 WL 159380,

14  at *3 (UCL claims relating to product that plaintiff did not purchase dismissed due to lack

15  standing).  With respect to car rentals, plaintiff's rental of a car in Israel does not give standing to

16  represent consumers who rented cars in other countries, because plaintiff has not pleaded that *he*

17  was injured by any undisclosed taxes or fees in those countries.  *Warth v. Seldin*, 422 U.S. 490,

18  502 (1975) (to have standing, plaintiffs "must allege and show that they personally have been

19  injured, not that injury has been suffered by other, unidentified members of the class to which

20  they belong and which they purport to represent.").

21      For these reasons, plaintiff's claims regarding airfare, hotel bookings, and rental car

22  reservations outside of Israel – *i.e.*, the services he did not use -- should be dismissed.

23  **II.    PLAINTIFF'S ALLEGATIONS REGARDING HIS CAR RENTAL IN ISRAEL**
    **DO NOT STATE A CLAIM**

24

25      **A.    Plaintiff Has Failed To State a Claim for Breach of Contract**

26      Count I alleges that Hotwire breached its contract with plaintiff by "refusing" to provide

27  him "with the contracted-for-services at the agreed-upon price."  ¶ 34.  Plaintiff does not dispute

28  that Hotwire provided the "agreed-upon" services – a car rental reservation with Dollar in Israel

for five days.  ¶ 17.  Plaintiff contends, however, that Hotwire failed to do so at "the agreed-upon

price."  ¶¶ 14, 17, 34.  According to plaintiff, the "agreed-upon price" consisted of

a daily rate for the rental ($14); "estimated" taxes and fees ($0); and an "estimated" trip total

amount ($70).  ¶ 15.  Plaintiff concedes that he was charged the "daily rate for the rental ($14)"

¶ 17.  Therefore, the contract was only breached if Hotwire promised plaintiff that the price

would not exceed Hotwire's "estimated" total.  Hotwire made no such representation. In fact, the

contract at issue here express discloses:

- "Hotwire calculates estimated charges based on *the rental agency's published rates, taxes and fees*."
- "*Actual* rental charges are billed by the agency"
- "*Final pricing will be determined by the rental agency*"

Ex. 3 at 2 (emphasis added).  Thus, plaintiff was never promised that $70 would be the total

price.  Instead, the contract provided that the "estimated charges" were "based on" "rates, taxes

and fees" published by Dollar and that "actual rental charges" and "final pricing" would

ultimately be determined by Dollar.  Plaintiff does not allege any facts suggesting that Hotwire's

estimate was not "based on" information received from Dollar.  Further, plaintiff cannot deny

that the "actual" and "final" prices *were* determined by Dollar when plaintiff arrived in Tel Aviv,

exactly as the contract provided.  In other words, plaintiff received exactly what Hotwire agreed

to provide – a confirmed car rental with Dollar in Israel for five days at $14/day, with the "final

pricing" to be determined by Dollar.  Because Hotwire complied with its agreed-upon

obligations, the Complaint fails to state a claim for breach of contract.   *Mieuli v. DeBartolo*, No.

C-00-3225, 2001 WL 777447, at *5 (N.D. Cal. Jan. 16, 2001) (contract claims should be

dismissed "where it is clear from the unambiguous terms of the contract that the alleged conduct

of the defendant does not constitute a breach of contract.").

### B.    Plaintiff Has Failed to State a Claim for Violations of California's Consumer Legal Remedies Act

Count II alleges that Hotwire violated the CLRA, which prohibits the 25 practices set

forth in Section 1770 of the Civil Code.  Specifically, plaintiff alleges that Hotwire violated

subsections (a)(9), (a)(13) and (a)(14) of Section 1770.  ¶ 39.  Section 1770(a)(9) prohibits

"[a]dvertising goods or services with intent not to sell them as advertised."  This allegation fails

because Hotwire never "advertised" that plaintiff would pay a specific set price ($70) for a rental

car in Israel; as explained above, Hotwire expressly informed plaintiff that the total price was an

"estimate" and the "actual" and "final price" would be determined by Dollar.  Section

1770(a)(13) prohibits "[m]aking false or misleading statements of fact concerning reasons for,

existence of, or amounts of price reductions."  Plaintiff fails to identify any such statements, and

allegations regarding "price reductions" are found nowhere in the Complaint.  Section

1770(a)(14) prohibits "[r]epresenting that a transaction confers or involves rights, remedies or

obligations which it does not have or involve[.]"  The Complaint fails to identify any such

"rights, remedies or obligations," however.

Plaintiff also alleges that Hotwire violated the CLRA because it failed to satisfy an

alleged "duty to disclose the true charges" for its services.  ¶ 40.  This allegation cannot support a

CLRA claim, however, because it is not tied to any subsection of Section 1770 that imposes such

a duty.  *See Kramer v. Intuit Inc.*, 121 Cal. App. 4th 574, 581 (2004) (affirming dismissal on

demurrer where alleged misconduct did not violate an enumerated subsection); *Berryman v.

Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1557 (2007) (unless a practice falls within the

scope of one of the 23 listed practices, it does not violate the CLRA).

Finally, regardless of the facts pleaded, the CLRA claim must be dismissed because

plaintiff failed to file the venue affidavit required by Civil Code § 1780(d).  *See Castagnola v.

Hewlett-Packard Co.*, No. 11-05772, 2012 WL 2159385, at *10-11 (N.D. Cal. June 13, 2012);

*Apple & AT&T*, 802 F. Supp. 2d at 1077.

**C.**   **Plaintiff Has Failed to State a Claim for Violations of the FAL or UCL**

Counts III and IV allege violations of the FAL and UCL, respectively.  The FAL

prohibits false advertising and the UCL prohibits business practices that are "fraudulent,"

"unfair" or "unlawful."  *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010), *cert.

denied*, 131 S. Ct. 1817 (2011).  Plaintiff alleges that Hotwire violated the FAL and UCL's

"fraudulent" prong by making "material misrepresentations regarding the cost of Hotwire's

services[.]"  ¶¶ 48, 53.  As an initial matter, the "cost" of "Hotwire's services" to plaintiff was $0.00.  Plaintiff paid Dollar, not Hotwire.  Presumably, plaintiff meant to allege that Hotwire misrepresented the price plaintiff would pay Dollar because its estimate was wrong due to the additional fees imposed by Dollar.  ¶ 17.  Whether the estimate was false under the FAL or "fraudulent" under the UCL is evaluated under a reasonable consumer test.  *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) ("[T]he false or misleading advertising and unfair business practices claim must be evaluated from the vantage of a reasonable consumer.") (citation omitted); *Castagnola,* 2012 WL 2159385, at *7 ("dismissal of [UCL and CRLA] claims is appropriate where the plaintiff fails to show the likelihood that a reasonable consumer would be deceived."); *Carrea*, 2011 WL 159380, at *5 (same).  Here, no reasonable consumer would believe that Hotwire's "estimate" was the final amount he would be charged by Dollar.

Plaintiff, like all Hotwire customers, affirmatively acknowledged that he "read, understand, and accept[ed]" the Travel Products Rules and Regulations.  Ex. 1.  These Rules informed plaintiff that "actual charges are billed by," and "[f]inal pricing" determined by, the rental car agency rather than Hotwire.  Ex. 3 at 2.  Thus, plaintiff knew that the "estimate" provided by Hotwire was not the "final" price, and that Dollar could impose additional fees. *Ford v. Hotwire* is particularly instructive on this point.  In that case, a plaintiff alleged that Hotwire improperly failed to include "resort fees" in its hotel rates.  Judge Huff of the Southern District of California dismissed plaintiff's FAL and UCL claims because Hotwire "expressly states that its quoted rate does not include certain charges, such as resort fees, that a hotel may impose directly."  The Court concluded that "no reasonable consumer would be deceived and therefore that plaintiff's complaint fails to state a claim for relief under the FAL or the 'fraudulent' conduct prong of the UCL."  *Ford v. Hotwire, Inc.*, No. 07-cv-1312, 2007 WL 6235779, at *4 (S.D. Cal. Nov. 19, 2007).  Judge Huff subsequently dismissed plaintiff's amended complaint with prejudice.  *Ford*, 2008 WL 5874305, at *9.  Similarly, plaintiff here was not deceived.  Given Hotwire's disclosure that the "actual charges" and "final price" would be determined by Dollar, a reasonable consumer would not believe that Hotwire was promising that Dollar would not charge him additional fees when he arrived in Tel Aviv.

1    Plaintiff has also failed to state a claim under the UCL's "unfair" prong. ¶ 54. While

2  California's appellate courts disagree on how to define "unfair" under the UCL, *Rubio*, 631 F.3d

3  at 1204-05, plaintiff's claims fail even under the courts' lowest standard because it is neither

4  contrary to public policy nor immoral, unethical, oppressive, or unscrupulous to list an estimated

5  price on a reservation confirmation, especially where (as here) the consumer is expressly told

6  that the "final" and "actual" price will be determined by a third party. *See Davis v. HSBC Bank*

7  *Nevada,* 691 F.3d 1152, 1170 (9th Cir. 2012) ("unfair" prong not satisfied where defendant

8  "warned that 'other restrictions might apply'" and in another document disclosed an annual fee).

9  Plaintiffs' claims under the "unlawful" prong are based entirely on the alleged violations of the

10  CLRA and FAL discussed above (¶ 52), and thus fail for the same reasons those claims fail.

11           **D.      Plaintiff Has Not Alleged the Required Injury or that He "Lost Money or
                       Property"**
12

13    To have standing under the UCL, FAL, or CLRA, a plaintiff must allege that he or she

14  suffered an "injury in fact" and has "lost money or property" as a result of the alleged conduct.

15  *E.g.*, *Carrea*, 2011 WL 159380, at *2 (citation omitted). Plaintiff has not pleaded such facts.

16    The Complaint does assert that "Hotwire caused actual damage to Plaintiffs and the Class

17  Members, including, inter alia, causing them to overpay for [their] services." ¶ 43. But simply

18  alleging that Hotwire "has caused actual damage" is insufficient to create standing under the

19  UCL, FAL or CLRA. *Animal Legal Def. Fund v. Mendes*, 160 Cal. App. 4th 136, 141 (2008)

20  (conclusory allegation that plaintiffs "suffered harm and lost money as a result of" the challenged

21  practice was inadequate to allege economic injury under UCL) (citation omitted). Plaintiff does

22  not explain how he "overpaid" for the rental car. ¶ 43. On the contrary, the Complaint alleges

23  that the taxes and fees were "mandatory" in Israel (¶ 17) meaning – if the allegation is true -- that

24  plaintiff (and the alleged class members) had to pay those charges regardless how or from whom

25  he rented a car in Israel. *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1591-92

26  (2008) (no economic injury if plaintiff does not plead facts showing he could have paid less).

27  Similarly, the Complaint does not allege any facts supporting the contention that plaintiff

28  "purchased services that [he] would not otherwise have purchased[.]" ¶¶ 49, 53. Plaintiff does

1  not allege that he would not have rented a car during his five days in Israel if he had known of

2  Israel's allegedly mandatory taxes and fees.  To the contrary, plaintiff alleges that he was told

3  about the taxes and fees at the rental counter but, rather than cancel his reservation, he decided

4  that he wanted a rental car at that price.  ¶ 18.

5        The FAL and UCL claims also fail because the equitable remedy of restitution is the only

6  monetary remedy authorized by these statutes.  *See Gutierrez v. Wells Fargo*, -- F.3d -- , 2012

7  WL 6684748, at *2 (9th Cir. Dec. 26, 2012); *Castagnola*, 2012 WL 2159385, at *6 (dismissing

8  UCL claim where plaintiff had not pleaded that defendant received fees from plaintiff).  "Under

9  the UCL, an individual may recover profits unfairly obtained" only if those profits "represent

10 monies given to the defendant or benefits in which the plaintiff has an ownership interest."

11 *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003).  Here, plaintiff did

12 not pay Hotwire.  Plaintiff used the Hotwire website to make a reservation with Dollar and then,

13 when he picked up the car, *paid Dollar* for the car, taxes, insurance, and other fees.  Plaintiff

14 cannot look to Hotwire to recover the monies that went to Dollar under the guise of "restitution."

15 *See Korea Supply*, 29 Cal. 4th at 1149 ("[a]ny award that plaintiff would recover from

16 defendants would not be restitutionary as it would not replace any money or property that

17 defendants took directly from plaintiff."); *Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 1461

18 (2008) ("[d]efendants cannot be required to return or restore to intervener something they never

19 obtained.").

20                                   **CONCLUSION**

21        For the foregoing reasons, Hotwire respectfully requests that plaintiff's complaint be

22 dismissed.

23 Dated:  January 25, 2013                    WILSON SONSINI GOODRICH & ROSATI
                                               Professional Corporation
24
25                                             By:   /s/ Rodney G. Strickland, Jr.
                                                        Rodney G. Strickland, Jr.
26                                             Attorneys for Defendant
                                               Hotwire, Inc.
27

28

1

## ECF CERTIFICATION

2     I, Jessica L. Snorgrass, am the ECF user whose identification and password are being

3  used to file Defendant Hotwire, Inc.'s Motion to Dismiss Class Action Complaint.  In

4  compliance with General Order 45.X.B, I hereby attest that Rodney G. Strickland, Jr. has

5  concurred in this filing.

6  Dated:  January 25, 2013                              WILSON SONSINI GOODRICH & ROSATI
                                                           Professional Corporation
7

8
                                                           By: _____/s/ Jessica L. Snorgrass_____
9                                                                   Jessica L. Snorgrass

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28