**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SHAHAR, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HOTWIRE, INC. and EXPEDIA, INC.,<br><br>　　　　Defendants.<br>_____/ | No. 12-cv-06027-JSW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Now before the Court is Hotwire, Inc.'s ("Hotwire") motion to dismiss the First Amended Complaint ("FAC"). The motion is fully briefed, ripe for decision, and suitable for resolution without oral argument. *See* N.D. Civ. L.R. 7-1(b). Having considered the parties' papers and the relevant legal authority, the Court DENIES Hotwire's motion to dismiss.

## BACKGROUND

This is a putative class action in which the Plaintiff claims that Hotwire violated various California consumer protection statutes by falsely or misleadingly stating the price for car rentals abroad. Hotwire operates an Internet travel website that permits consumers to rent cars, among other things. (FAC ¶ 5.) Hotwire does not operate any car rental agency itself. (*Id*. at ¶ 7.) Rather, through its Internet website, Hotwire facilitates car rentals provided by other international companies. (*Id*. at ¶¶ 6-8).

On June 12, 2012, Plaintiff Daniel Shahar ("Shahar") used Hotwire's website to rent a car from a car rental agency at the Ben Gurion airport in Tel Aviv, Israel. (*Id*. at ¶ 14.) Shahar alleges that his contract with Hotwire set out, among other terms, a daily rental rate ($14), a

1 rental term (5 days), a list of the estimated taxes and fees ($0), and an estimated trip total
2 amount ($70). (*Id*.) Shahar alleges that when he picked up the car, the rental agency required
3 him to pay the $70.00 estimated price Hotwire had stated, plus an additional $60.00 for
4 mandatory third-party liability insurance and $20.82 in taxes. (*Id*. at ¶ 16.) In total, Shahar
5 alleges he paid $150.91, rather than $70.00 estimated by Hotwire. (*Id*.)

6 Based on these allegations, Shahar, on behalf of himself and similarly situated persons,
7 filed suit against Hotwire and Expedia[1] alleging violations of (1) the Consumer Legal Remedies
8 Act ("CLRA"), California Civil Code § 1750 *et seq*., for engaging in unfair or deceptive acts;
9 (2) the False Advertising Law ("FAL"), California Business & Professions Code § 17500 *et*
10 *seq.,* for making untrue or misleading statements; and (3) the Unfair Competition Law ("UCL"),
11 California Business & Professions Code § 17200 *et seq.*, for engaging in unlawful, fraudulent,
12 and unfair business acts. (*Id.* at ¶¶ 42, 50, 54.) Shahar also alleges that Hotwire breached the
13 contract by not renting cars at the estimated price. (*Id.* at ¶ 38.)

14 On April 15, 2013, the Court dismissed the original complaint without prejudice and
15 held that Shahar lacked standing to pursue claims originating from services he did not use, *i.e.,*
16 booking airline and hotel reservations. Shahar then filed an amended complaint alleging the
17 same causes of action based solely on claims that Hotwire misrepresented the price of
18 international car rentals. (*See id.* at ¶¶ 8-9.) Hotwire moves to dismiss for lack of standing and
19 for failure to state a claim.

20 **ANALYSIS**
21 **A.     Applicable Legal Standard.**

22 A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the
23 pleadings fail to state a claim upon which relief can be granted. The complaint is construed in
24 the light most favorable to the non-moving party and all material allegations in the complaint
25 are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even

---

[1] By dismissing the original complaint this Court has already dismissed Expedia from the case. *See* Order dated April 15, 2013, at 7, Granting Defendants' Motions to Dismiss. Shahar continues to name Expedia as a defendant. Contrary to Shahar's erroneous caption, Expedia is no longer in the case.

2

1 under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's
2 obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
3 conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*
4 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265,
5 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (*quoting Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     Standing.**

Hotwire argues that Shahar lacks standing to assert claims arising from car rentals in countries other than Israel, where he rented a car. A plaintiff may, however, assert claims for unnamed class members based on products he or she did not purchase if there are substantial similarities in the accused products and similar underlying misrepresentations. *See Miller v. Ghirardelli Chocolate Co.,* 912 F. Supp. 2d 861, 870 (N.D. Cal. Dec. 7, 2012) ("[t]he majority of the courts that have carefully analyzed the question [of whether a plaintiff has standing to sue for products he or she did not purchase] hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the

3

products and alleged misrepresentations are substantially similar."); *see also Anderson v. Jamba Juice Co.,* 888 F. Supp. 2d 1000, 1005-06 (N.D. Cal. Aug. 25, 2012) (holding that a plaintiff had standing to assert claims relating to five flavors of smoothie kits despite having only purchased two flavors because the same alleged misrepresentation appeared on all the kits regardless of flavor).

Here, the rental car contract covers Hotwire's web-based service of facilitating car rentals. (FAC ¶¶ 6-13.) Shahar alleges that Hotwire misrepresented the estimated price by intentionally omitting taxes and fees it knew its car rental clients would have to pay. (*Id.* at ¶ 9.) The statements, regardless of the country or the car rented, are the same. There is no distinction between the service Sharhar was allegedly deceived into buying and the service purchased by others; the statements at issue all concern the estimation of foreign taxes and fees, were conveyed through the same website, and resulted in consumers purchasing the same underlying service regardless of where the cars were ultimately driven. (*See id.* at ¶¶ 5-6, 9-12.)

Accordingly, Shahar may bring claims on behalf consumers who sought to rent cars abroad using Hotwire's website.

**C. Sufficiency of Claims.**

    **1. Breach of Contract Claim.**

Hotwire argues that Shahar has failed to state a breach of contract claim. To state such a claim, a plaintiff must allege (1) a contract, (2) plaintiff's performance of the contract, (3) defendant's breach, and (4) resulting damages. *See, e.g., Walsh v. W. Valley Mission Community College Dist.,* 66 Cal. App. 4th 1532, 1545 (1998). Here, Shahar alleges that he contracted with Hotwire for a car rental that was estimated to cost $70.00. (FAC ¶¶ 14-16.) Shahar alleges that he went to Israel and paid for the car, but that he had to pay $150.91 and was thereby damaged by the difference in cost. (*Id.* at ¶ 20.) By specifying the service contract, the specific terms, his own performance, and the loss of the money he paid for the car, Shahar has sufficiently stated a claim for breach of contract.

### 2. Claims Under the Consumer Legal Remedies Act, Unfair Competition Law, and False Advertising Law.

Hotwire moves to dismiss Shahar's remaining statutory claims for failure to state a claim upon which relief can be granted. Hotwire argues that there can be no False Advertising Law claim because a reasonable consumer would not believe that Hotwire's estimated price guaranteed the car rental agency's actual price.

The FAL makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500; *see also Krasky v. Nike, Inc.,* 27 Cal. 4th 939, 951 (2002). The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Any violation of the FAL constitutes a violation of the UCL. *Williams v. Gerber Products Co.,* 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Krasky,* 27 Cal. 4th at 950). The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. The standards for determining for whether a representation is misleading under the FAL apply equally to claims under the CLRA. *Colgan v. Leatherman Tool Group, Inc.,* 135 Cal. App. 4th 663, 679-680 (2006) (citing *Consumer Advocates v. Echostar Satellite Corp.,* 113 Cal. App. 4th 1351, 1360) (2003)).

These consumer protection statutes prohibit not only advertising which is false, but also advertising which, although true, is either misleading or which has a capacity, likelihood or tendency to deceive or confuse the public. *Williams,* 552 F.3d at 938; *see also Krasky,* 27 Cal. 4th at 951; *Day v. AT&T Corp.,* 63 Cal. App. 4th 325, 332-33 (1998) (holding that these California statutes may make even true statements actionable if "couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information"). Claims under these statutes are governed by the "reasonable consumer" test, which requires the plaintiff to "show that members of the public are likely to be deceived." *Williams*, 552 F.3d at 938 (internal citations omitted).

5

California courts "have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on [a motion to dismiss]." *Id.* at 939 (citing *Linear Technology Corp. v. Applied Materials, Inc.,* 152 Cal. App. 4th 115, 134-35 (2007)). It is a "rare situation" for courts to grant a motion to dismiss in this context, although such decisions have "occasionally been upheld" where the complaint failed to meet the "reasonable consumer" standard as a matter of law. *Id.* (*citing Freeman v. Time, Inc.,* 68 F.3d 285, 289 (9th Cir. 1995) (affirming dismissal of UCL, FAL, and CLRA claims because statements promising sweepstakes payout in exchange for purchasing magazine subscription unlikely to deceive "person of ordinary intelligence.")). The heightened pleading standards required by Federal Rule of Civil Procedure 9(b) applies to all UCL, FAL, or CLRA claims that are grounded in fraud. *See Vess v. Ciba-Geigy Corp. USA,* 317 F. 3d 1097, 1103-06 (9th Cir. 2003). Under Rule 9(b), "[a]verments of fraud must be accompanied by the 'who, what, when, where and how' of the misconduct charged." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess,* 317 F.3d at 1106).

The consumer protection issue here relates to the misleading use of the term "estimate." An estimate is an approximation of something to be done in the future. *Parker v. Meneley,* 106 Cal. App. 2d 391, 398-99 (1951). Depending upon specific context, an estimate may be a term of an enforceable contract. *Id.*; *cf. Schreiber v. Kelsey,* 62 Cal. App. 3d Supp. 45, 48-49, 50 (1976) (holding that California's consumer protection statute on automotive services, California Business & Professions Code § 9884.9, permits recovery for services based on a written estimate). The term estimate is not conclusive of the legal effect of a communication; rather, the effect depends on context. *See Parker,* 106 Cal. App. 2d at 398-99.

Here, Shahar alleges that Hotwire calculated the total estimated price based on its exclusive and superior knowledge of the base rental rate, taxes, and fees. (*See* FAC ¶ 43.) Taken as true at this procedural stage, this fact tends to establish that Hotwire knew or had reason to know that Shahar would have to pay additional costs in order to rent the car. Moreover, it establishes that Hotwire probably knew or had reason to know of the precise amounts in additional taxes and fees, that these costs would be mandatory, and that the cost

6

would be, at a minimum, greater than "$0.00." (*See id.* at ¶¶ 8, 9, 11, 12, 16.) Shahar asserts that, despite having this knowledge, Hotwire deliberately omitted information relating to additional taxes and fees and intentionally provided an inaccurate price to lure reasonable customers with favorable but inaccurate terms. (*See id.* at ¶¶ 8–9, 14-17, 43-45, 50-51.)

Construing the Complaint in the manner most favorably to Shahar, the Court finds that Shahar sufficiently alleges that Hotwire's affirmative statement pertaining to the total estimated price was false or misleading to a reasonable person. First, the estimate was false because Hotwire intentionally omitted significant and mandatory additional charges readily available and which it knew Shahar would have to pay to rent the car. Second, the price quoted for estimated taxes and fees was false because Hotwire knew that these costs would not be $0.00.

Under the totality of the circumstances and taking the allegations as true at this procedural stage, the Court finds that Shahar sufficiently states causes of action for violation of the CLRA, FAL, and UCL. Shahar sufficiently alleges that Hotwire, during the class period, likely deceived reasonable consumers by intentionally omitting taxes and fees.

Relying on *Ford v. Hotwire, Inc.,* 2007 WL 6235779, at *3-4 (S.D. Cal. Nov. 19, 2007), Hotwire contends that reasonable consumers, including Shahar, knew that Hotwire's estimate was neither a final nor a maximum price. Hotwire argues that, as in *Ford*, reasonable consumers here were not deceived.

In *Ford*, plaintiff alleged that Hotwire improperly failed to include, and therefore misrepresented, special fees in hotel rates charged directly by the hotels. *Id.* at *2. The district court dismissed the complaint for failure to state a claim based on its examination of a complete copy of the agreement at issue, as well as reproductions of Hotwire's website pages. *Id.* at *4. These documents indicate that Hotwire's operative hotel contract "expressly states that its quoted rate does not include certain charges, such as resort fees, that a hotel may impose directly." *Id.* And, as even the plaintiff acknowledged, both the amount and mandatory nature of the special fees charged was readily available public information. *Id.* Based on those specific facts, the court concluded that no reasonable consumer would have been deceived. *Id.*

7

In contrast to *Ford*, Shahar makes no concession here that information regarding local taxes and fees was publicly available or that the contract expressly states that fees are omitted. To the contrary, Shahar alleges that Hotwire had exclusive and superior knowledge of these additional costs which it falsely indicated to be zero. (FAC ¶ 43.) Moreover, whereas the *Ford* court had the benefit of a complete record before it, at this procedural stage, the parties here still dispute the specific contract terms and the evidence that might provide context to those terms.[2] This leaves the Court without the context that illuminated the *Ford* court. As a result, interpreting the contract here and determining the parties' intent are factual questions improper for resolution on Hotwire's motion to dismiss. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.,* 268 F.3d 1133, 1138 (9th Cir. 2001) ("Under California law . . . the interpretation of contract terms generally[] is a question of the intent of the parties and is typically a question of fact for the jury."); *Consul Ltd. v. Solids Enterprises, Inc.,* 802 F.2d 1143, 1149 (9th Cir. 1986) (denying motion to dismiss where contract language left doubt as to parties' intent). The Court finds the holding in *Ford* not dispositive.

## CONCLUSION

For the foregoing reasons, the Court DENIES Hotwire's motion to dismiss.

**IT IS SO ORDERED.**

Dated: July 25, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] Hotwire requests that this Court take judicial notice of the parties' purported contract and the articles referenced in the amended complaint. (Request for Judicial Notice, Dkt. No. 38.) A court may take notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). "A court may consider evidence on which the complaint 'necessarily relies' if (1) the complaint refers to the document; (2) the document is central to the plaintiff's claims, and (3) no party questions the authenticity of the copy attached to the [motion to dismiss]." *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006). "[A] court may not take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001) (internal quotations omitted). Here, Shahar disputes that the contract Hotwire offers is indeed the parties' actual contract and the extent to which, if at all, the articles impact the factual context of Shahar's allegations. The Court DENIES Hotwire's request for judicial notice.