UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL SHAHAR, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HOTWIRE, INC., and EXPEDIA, INC., <br><br> Defendants. | Case No.: 12-cv-06027-JSW <br><br> **[PROPOSED] FINAL ORDER AND JUDGMENT REGARDING CLASS ACTION SETTLEMENT** <br><br> Before: Hon. Jeffrey S. White |

On April 21, 2014, the Court entered an Order Granting Preliminary Approval of Proposed Settlement and Directing Dissemination of Notice to the Class (the "Preliminary Approval Order," Dkt. No. 73) that preliminarily approved the proposed Settlement of this Action and specified the manner in which defendant Hotwire, Inc. ("Hotwire") was to provide Notice to the Settlement Class. All capitalized terms used in this Order have the meaning as defined in the Settlement Agreement, which is incorporated herein by reference.

Within ten (10) days of the filing of the Preliminary Approval Order, Hotwire caused the class notice to be disseminated as required by the Settlement Agreement and the Preliminary Approval Order. Following the dissemination of Notice, Class Members were given an opportunity to (a) request exclusion from the Class, or (b) object to or comment on the Settlement Agreement and/or to Class Counsel's request for fees and expenses and/or the Class Representative's application for a service award.

A Fairness Hearing was held on July 25, 2014, at which time all interested persons were given a full opportunity to state any objections to the Settlement Agreement. The Fairness Hearing was held more than 65 days after Hotwire provided notice as required by the Preliminary Approval Order.

Having read and fully considered the terms of the Settlement Agreement, and all submissions made in connection with it, ~~including any objections~~ and no objections having been filed, the Court finds that the Settlement Agreement should be finally approved and the Action dismissed with prejudice as to all Class Members who have not excluded themselves from the Class, and without prejudice as to all persons who timely and validly excluded themselves from the Class.

For these reasons, IT IS HEREBY ORDERED that Plaintiff's motion for final approval is GRANTED and, further:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

2. The prior provisional certification of the Class for settlement purposes is hereby confirmed for purposes of the Settlement Agreement approved by this Order. The Class is defined as:

> All entities and persons in the United States (including its territories and the District of Columbia) who, during the Class Period (November 27, 2008 to the present), made a reservation through Hotwire's website, while in the U.S. (including its territories and the District of Columbia), for a car rental in a foreign country and received a confirmation from Hotwire that included an estimated amount of taxes or fees of equal to or less than $0.00 as shown by records maintained by Hotwire and provided to Class Counsel on a spreadsheet (the "Spreadsheet").
>
> Excluded from the Settlement Class are the following: (i) the Settlement Administrator, (ii) the Mediator, (iii) any respective parent, subsidiary, affiliate or control person of the Defendant or its officers, directors, agents, servants, or employees as of the date of filing of the Action, (iv) any judge presiding over the Action and the immediate family members of any such Person(s), (v) Persons who execute and submit a timely request for exclusion, and (vi) all Persons who have had their claims against Defendant fully and finally adjudicated or otherwise released.

3. The Court hereby approves the terms of the Settlement Agreement as fair, reasonable, and adequate as it applies to the Class, and directs consummation of all its terms and provisions.

4. The Notice, as set forth in the Preliminary Approval Order, was the best notice practicable under the circumstances and included comprehensive direct e-mail notice. The Notice Plan has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process.

5. The Court finds that the Hotwire properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Hotwire's notice and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

6. Hotwire is hereby ordered to implement and comply with Sections 2.1 and 2.2 of the Settlement Agreement regarding the injunctive relief and monetary benefit for the Settlement Class Members.

7. The Settlement Agreement shall be binding on Hotwire, Plaintiff, and all members of the Class who have not been excluded pursuant to the Settlement Agreement. The complex legal and factual posture of this case, and the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator support this finding.

8. The Court dismisses the Action with prejudice. Upon the Effective Date, and by operation of the Final Order and Judgment, the Releasing Parties, and each of them, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. All Class Members shall be deemed to have waived any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code or any comparable statutory or common law provision of any other jurisdiction with respect to the released claims. The Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members.

9. All members of the Class who did not duly request exclusion from the Class in the time and manner provided in the Class Notice are hereby barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against Hotwire or any of the other entities or persons who are to be discharged as noticed above in Section 8, based upon, relating to, or arising out of, any of the matters which are discharged and released pursuant to Section 8 hereof. Attached hereto and incorporated into this Order as Appendix A is a schedule of all persons who have timely and validly requested to be excluded from the Settlement Class.

10. The Court dismisses without prejudice the claims of Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in the Settlement Agreement.

11. Having reviewed Class Counsel's Fee and Expense Application, and all documents (including any oppositions, responses and replies), objections, and arguments filed or made in relation thereto, the Court concludes that the amount of $ 44,400 shall be awarded from the Settlement Amount to Class Counsel for fees and expenses related to the prosecution of this Action. The Court finds that Class Counsel has expended substantial and skilled time and efforts to bring this action to conclusion. These efforts included, but were not limited to, engaging in independent, factual investigation and informal discovery, successfully litigating the sufficiency of the complaint, preparing complete mediation briefs, and engaging in

1  numerous arms-length settlement discussions and meetings with Hotwire, and posturing the
2  case for an efficient and speedy recovery for the Class.  The Court finds that the number of
3  hours expended and the billable rates reported by Class Counsel are reasonable.  Additionally,
4  the Court finds that this award is commensurate with the level of skill displayed by Class
5  Counsel throughout the prosecution of this Action.  And finally, the Court finds this award
6  appropriate in the light of the contingent nature of Class Counsel's fees and reimbursement of
7  their expenses and the risk associated with these types of cases.  Given all these factors, and
8  after a review of the complete record, the Court finds the amount awarded to be reasonable
9  and fair.  Within  10  business days of this Order, the Settlement Administrator is directed to
10 wire transfer this amount from the Settlement Amount to a bank account identified by Class
11 Counsel.

12       12.     The Court finds that the Class Representative should be awarded $ 500  from
13 the Settlement Amount as a service award for his efforts and expenses and the risks
14 undertaken for his service as Class Representative.  The Court concludes that this amount is
15 just and reasonable under Ninth Circuit precedent and in accordance with California law.
16 Within 10 business days of this Order, the Settlement Administrator is directed to wire
17 transfer this amount from the Settlement Amount to a bank account identified by Class
18 Counsel for the Class Representative.

19       13.     Other than as set forth in the Settlement Agreement and Sections 11 and 12 above,
20 the Parties shall bear their own costs and attorneys' fees.

21       14.     This Final Judgment and order of dismissal with prejudice, the Settlement
22 Agreement, the settlement that it reflects, and any and all acts, statements, documents, or
23 proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used
24 as an admission or concession by or against the Parties with respect to any fault, wrongdoing, or
25 liability, or of the validity of any claim or defense, or of the existence or amount of damages, or
26 that the consideration to be given under the Settlement Agreement represents an amount equal to,
27 less than or greater than the amount that could have or would have been recovered after trial.

28       15.     If the Settlement Agreement becomes null and void pursuant to the terms of the

Settlement Agreement, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

16. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the parties, including all Class Members as defined above, and the execution, consummation, administration, and enforcement of the terms of the Settlement Agreement.

17. The Clerk is directed to enter this Final Order and Judgment forthwith.

**IT IS SO ORDERED.**

Dated this 25th day of July , 2014.

_____
HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE